Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Defendant, Kaseya US Sales, LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IT NETWORK SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KASEYA US SALES, LLC, JOHN DOES 1-5(fictitious), ABC CORPS. 1-5 (fictitious), <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br> (HONORABLE _____) <br><br><br> **NOTICE OF REMOVAL** |

TO:   THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY

Defendant, Kaseya US Sales, LLC, through its counsel, Connell Foley, LLP, in accordance with the provisions of 28 U.S.C. § 1446, respectfully states:

1.    Defendant, Kaseya US Sales, LLC ("Defendant" or "Kaseya") desires to exercise its right under the provisions of 28 U.S.C. § 1441(a) and (b) to remove this action from the Superior Court of the State of New Jersey, County of Middlesex, where the case is now pending under the name and style, IT Network Solutions, LLC v. Kaseya US Sales, LLC, et al., bearing docket number MID-L-2080-14.

2.    On April 7, 2014, Plaintiff, IT Network Solutions, LLC filed a Complaint against Kaseya arising out of an alleged breach of contract in connection with the sale of Kaseya

software licenses. On May 1, 2014, Kaseya was served with the Summons and Complaint. (Declaration of Steven A. Kroll, Esq. ("Kroll Decl."), Exhibit A).

3. Plaintiff is a New Jersey limited liability company with its principal place of business located at 86 Haypress Road, Cranbury, New Jersey. Id. at ¶7.

4. Kaseya is a Delaware limited liability company with its principal place of business located at 2077 Gateway Place, Suite 550, San Jose, California 95110. Id. at ¶¶1-2.

5. The following matter arises out of an alleged breach of contract related to Plaintiff's purchase of licenses for Kaseya VSA software. Id. at ¶8. Specifically, Plaintiff alleges that Kaseya overcharged Plaintiff for said licenses and, thus, Plaintiff overpaid Kaseya by $73,984.89. Id. at ¶¶9-14.

6. In addition to the amount of $73,984.89 that Plaintiff is claiming in damage, Plaintiff is also seeking punitive damages. Id. at WHEREFORE Paragraph of Counts Three, Four, Five, and Six.

7. Furthermore, Count Seven of Plaintiff's Complaint alleges a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq. Should Plaintiffs prevail on this Count, they would be entitled to recover treble damages and reasonable attorney's fees. Id. at Count Seven ¶¶1-4.

8. Thus, assuming Plaintiffs are successful on all of their claims, their amount of damages would exceed $75,000.

9. As both Plaintiff and Kaseya are limited liability companies their citizenship is determined by the citizenship of their respective members. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

10. According to Kaseya's formation documents, Kaseya's sole member is Kaseya Enterprises Global Services, SA. (Kroll Decl., Exhibit B at Schedule A). Moreover, Kaseya Enterprises Global Services, SA is incorporated under the laws of Switzerland, and maintains its principal place of business at Avenue de Gratta-Paille 2, CP 476, CH – 1000 Lausanne 30, Switzerland. Id. at Schedule A. Therefore, for diversity purposes Kaseya is a citizen of the foreign state of Switzerland.

11. As Plaintiff maintains its principal place of business in Cranbury, New Jersey, upon information and belief, the domicile of Plaintiff's members are also in the state of New Jersey. (Kroll Decl., Exhibit at ¶7). Therefore, for diversity purposes Plaintiff is a citizen of the state of New Jersey.[1]

12. This action is removable to this Court by Defendant, Kaseya, pursuant to 28 U.S.C. § 1441(a) and (b) because this is an action of which the district courts of the United States have original jurisdiction under 28 U.S.C. §1332(a) in that it arises between citizens of different states. Moreover, as explained above, the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.

13. The within Notice of Removal is hereby filed within thirty (30) days of service of the Complaint on Defendant. See 28 U.S.C. § 1446(a) and (b).

**WHEREFORE**, Defendant, Kaseya requests that the above action now pending in the Superior Court of the State of New Jersey, County of Middlesex, be removed to this Court pursuant to § 1441(a) and (b).

---

[1] Even assuming, *arguendo*, that Plaintiff's members' domiciles are not in New Jersey, as Kaseya's sole member, Kaseya Enterprises Global, SA was neither incorporated nor maintains its principal place of business in the State of New Jersey, nor any other state in the United States for that matter, there is clearly diversity of citizenship between the parties.

CONNELL FOLEY, LLP  
Attorneys for Defendant,  
Kaseya US Sales, LLC

By: /s/ Steven A. Kroll
    Steven A. Kroll, Esq.

Dated: May 30, 2014

### CERTIFICATION PURSUANT TO LOCAL CIVL RULE 11.2

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that to the knowledge of the undersigned the matter in controversy is not related to any pending matter or controversy not identified above.

By: /s/ Steven A. Kroll
    Steven A. Kroll, Esq.

Dated: May 30, 2014